# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

SHAUN KENDRICK,

     Petitioner,

     -vs-

WARDEN, Lebanon Correctional
  Institution,

     Respondent.

:

:

:

Case No. 3:09-cv-166

District Judge Timothy S. Black
Magistrate Judge Michael R. Merz

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Motion for Relief from Judgment under Fed. R. Civ. P. 60(b) (Doc. No. 25).

### Procedural History and Status

On August 12, 2011, the Magistrate Judge filed a Report and Recommendations recommending dismissal of the Petition with prejudice (Doc. No. 18). By Notice appended to the Report, Petitioner was advised that he had to file objections within seventeen days. On August 23, 2011, Petitioner moved for a sixty-day extension of that time (Doc. No. 19) which the Magistrate Judge granted in part, extending Petitioner's time to September 19, 2011 (Notation Order on Doc. No. 19). Petitioner filed no objections by September 19 or indeed by September 29, 2011, when Judge Black adopted the Report.

Petitioner says that he never received the Magistrate Judge's Order which only granted in part his extension of time and he should be entitled to rely on his request for the full length of time requested because the time was reasonable and he and other similarly-situated habeas petitioners have received like amounts of time (Motion, Doc. No. 25, PageID 998).

The docket does not reflect a staff note that the Notation Order was mailed to Petitioner. Without that notice, it was indeed reasonable for Petitioner to expect that he would get the sixty days he requested. That full extension of time would have ended on October 17, 2011 (See Motion, Doc. No. 19). However, because Petitioner did not submit any objections on the merits with his Rule 60(b) Motion, the Magistrate Judge ordered that he supplement the Motion with just such objections and gave him another month in which to do so (Doc. No. 26). Petitioner has now filed that Supplemental Memorandum (Doc. No. 31).

**Analysis**

Petitioner has appealed from the Court's Judgment (Doc. No. 24).[1] Because of that appeal, this Court has lost jurisdiction to grant the Motion for Relief from Judgment, but must proceed under Fed. R. Civ. P. 62.1. *Marrese v. American Academy of Osteopathic Surgeons,* 470 U.S. 373 (1985); *Pickens v. Howes,* 549 F.3d 377, 381 (6th Cir. 2008); *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993); *Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir. 1993); *Cochran v. Birkel,* 651 F.2d 1219, 1221 (6th Cir. 1981).

---

[1] Indeed, Petitioner has appealed twice, but the Sixth Circuit has dismissed the second appeal (Case No. 11-4227) as unnecessary (Doc. No. 30).

**Grounds One and Seven**

Petitioner first objects to the analysis in the Report that he waived his Ex Post Facto claim in Grounds One and Seven by pleading guilty (Supplemental Memorandum, Doc. No. 31, PageID 1019-1021).

As Petitioner explains his argument in his Traverse, the rapes he was convicted of occurred at various dates in 1993, 1995, and 1996 (Traverse Brief, Doc. No. 14, PageID 933). Ohio Revised Code § 2901.13(A)(1) as it existed on March 8, 1999, set a six-year statute of limitations on all felonies in Ohio except murder and aggravated murder. Section 3 of H.B. 49, which was effective March 9, 1999, extended the statute of limitations for rape to twenty years for (1) offenses committed on or after March 9, 1999, and (2) offenses committed before March 9, 1999, "if the prosecution for that offense was not barred under section 2901.13 of the Ohio Revised Code as it existed on" March 8, 1999.

The rapes to which Kendrick pled guilty were Counts 1 (rape, 9/22/1993), 5 (rape, 9/27/1995), 9 (rape, 9/22/1996) and 12 (rape, 8/3/1996) in Indictment A; Counts 1(rape, 7/31/1993) and 11(rape, 6/1/1996) in Indictment B; and Count 1 (rape, 5/5/1996) in Indictment C. As of March 8, 1999, the six-year period of limitation had not expired on any of these offenses, nor had the twenty-year period which became effective March 9, 1999, expired as to any of them. Considering only the face of the statutes, Petitioner's indictments were timely. Petitioner's claim in Ground One is that the extension of the statute of limitations is a violation of the *Ex Post Facto* Clause of the United States Constitution. In Ground Seven he claims his trial and appellate counsel were ineffective for not making this argument.

In the Report and Recommendations, the Magistrate Judge noted that the court of appeals found the *Ex Post Facto* claim waived by Petitioner's guilty pleas. (Report, Doc. No. 18, PageID 975, *citing State v. Kendrick*, 2006 Ohio 311, 2006 Ohio App. LEXIS 270 (2nd Dist. Jan. 20, 2006)("*Kendrick I*"). Noting that this was an objectively reasonable application of relevant United States Supreme Court precedent, the Magistrate Judge recommended that Ground One be dismissed with prejudice. (Report, Doc. No. 18, PageID 976). Because of the waiver, the Magistrate Judge found it was not ineffective assistance to fail to raise the *Ex Post Facto* claim and recommended Ground Seven be dismissed with prejudice on that basis. *Id.* at PageID 984-985.

In his objections, Petitioner first asserts that guilty pleas do not waive all antecedent constitutional violations, relying on *Menna v. New York*, 423 U.S. 61, 63, n.2 (1975). Petitioner's reliance on *Menna* is well-placed. Although it is only a *per curiam* opinion, the Court did hold that its prior cases -- *Tollett v. Henderson*, 411 U.S. 258 (1973), *Brady v. United States*, 397 U.S. 742 (1970), and *McMann v. Richardson*, 397 U.S. 759 (1970) – did not hold that a counseled guilty plea waives all prior constitutional violations:

> Neither *Tollett v. Henderson*, 411 U.S. 258 (1973), nor our earlier cases on which it relied, *e.g., Brady v. United States,* 397 U.S. 742 (1970), and *McMann v. Richardson*, 397 U.S. 759 (1970), stand for the proposition that counseled guilty pleas inevitably "waive" all antecedent constitutional violations. If they did so hold, the New York Court of Appeals might be correct. However, in *Tollett* we emphasized that waiver was not the basic ingredient of this line of cases, 411 U.S., at 266. The point of these cases is that a counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case. In most cases, factual guilt is a sufficient basis for the State's imposition of punishment. A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction, if factual guilt is validly established. Here, however, the claim is that the State may not

> convict petitioner no matter how validly his factual guilt is established. The guilty plea, therefore, does not bar the claim.

423 U.S. at 63, n.2. Menna's claim was that the Double Jeopardy Clause barred his conviction, a claim not inconsistent with factual guilt.

Mr. Kendrick's *Ex Post Facto* claim here is also not inconsistent with factual guilt of the many rapes to which he pled guilty. However, his *Ex Post Facto* claim is without merit. In *Stogner v. California*, 539 U.S. 607 (2003), the Supreme Court held that a State may not revive a criminal limitations period which has already expired. The Court however noted that its holding did not affect situations where courts had upheld extensions of unexpired statutes of limitations. *Id.* at 618, citing numerous cases. The Common Pleas Court in this case relied on *Stogner* to deny the *Ex Post Facto* claim and its decision on the merits of that claim is not an objectively unreasonable application of *Stogner*. The immunity from prosecution which a person achieves when the statute of limitations has run, recognized by the Supreme Court in *Stogner*, has no application where the statute has not run, and in this case the six-year statute had not run on any of the rape charges to which Kendrick pled guilty as of March 9, 1999, the date the new 20-year statute became effective. Therefore the Court should deny on the merits Petitioner's Motion for Relief as to Grounds One and Seven.

### Grounds Two and Three

In Ground Two Petitioner claims ineffective assistance of trial counsel in that he alleges his trial attorney misadvised him about his ability to preserve certain pretrial rulings for appeal by pleading guilty. In Ground Three he alleges his constitutional rights were violated when the trial

court refused to allow him to withdraw his guilty plea. The claims were argued together in the Traverse. The Report recommended dismissing these claims with prejudice because the decision of the Second District Court of Appeals on the merits was not objectively unreasonable (Report, Doc. No. 18, PageID 981).

In his Motion for Relief, Petitioner argues this Court should review his motion to withdraw under an abuse of discretion standard and cites federal case law interpreting the Federal Rules of Criminal Procedure on withdrawal of guilty pleas (Motion, Doc. No. 31, PageID 1021). That case law is not applicable. Federal appellate courts reviewing decisions of federal trial judges on motions to withdraw use an abuse of discretion standard. But a habeas claim must be based directly on the Constitution; the Federal Rules of Criminal Procedure do not set a constitutional minimum for state court practice.

The habeas claim on refusal to permit withdrawal of the guilty plea which was analyzed in the Report and decided by the Second District Court of Appeals was a motion made pre-sentence and denied after an evidentiary hearing. In his Motion for Relief, Petitioner focuses instead on a second motion to withdraw that he made after the *State v. Foster* remand for resentencing in this case (Motion for Relief, Doc. No. 31, PageID 1022). While the distinction is not clearly made, Petitioner does refer to both motions to withdraw in his Traverse.

No further analysis is needed on the first motion to withdraw beyond what is given in the Report and Recommendations. The second motion to withdraw was also denied by the trial court and considered on direct appeal. Petitioner's claim on appeal was that the trial court had ignored the scope of the *Foster* remand and had not allowed him to address all of his sentencing issues, including his request to withdraw his guilty plea. The court of appeals disagreed. It noted that six

of the seven rapes to which Mr. Kendrick pled guilty occurred before the July 1, 1996, effective date of Senate Bill 2 which had added to Ohio law the requirement of judicial findings of fact later found unconstitutional in *Foster*. Thus the scope of the remand was limited to sentencing issues (not guilty plea issues) on that one count. *State v. Kendrick*, Case No. CA 21790 (Ohio App. 2nd Dist. Nov. 16, 2007), copy , Return of Writ, Doc. No. 7, Ex. 50 PageID 426 *et seq*. Because the state courts have the power to limit issues on remand, the limitation of the remand to the scope of the mandate does not violate the United States Constitution. Ground Three is therefore without merit.

As to Ground Two, the decision of the Court of Appeals on that claim is, as stated in the Report, neither contrary to nor an objectively unreasonable application of clearly established Supreme Court precedent.

Petitioner's Motion for Relief should be denied as to Grounds Two and Three.

## Ground Four

In Ground Four Mr. Kendrick claims he was denied a fair trial by the trial court's refusal to sever the various rape charges for trial. In *Kendrick I* at ¶ 17, the court of appeals found this claim also waived by Petitioner's guilty plea. Noting that he made no argument as to why that was objectively unreasonable in his Traverse, the Report recommended the claim be dismissed (Report, Doc. No. 18, PageID 981).

In his Motion for Relief, Petitioner points to no place in his Traverse where he made any attempt to show the court of appeals decision on the severance issues was objectively unreasonable. Nor does he cite any United States Supreme Court precedent commanding severance in any

particular circumstances or holding that a guilty plea waives such an argument.

In contrast to the Double Jeopardy claim at issue in *Menna* or the *Ex Post Facto* claim Petitioner makes in Ground One, the Magistrate Judge concludes this particular claim comes within that class of claims discussed in *Menna* where the guilty plea is inconsistent with a later claim that guilt has not been established. The purpose of severance is to prevent a jury from finding a defendant guilty of one offense because of its association at trial with other offenses. In other words, it is to prevent an unfair trial on the issue of guilt or innocence of individual charges. When a defendant pleads guilty to a number of charges in return for dismissal of others, there is no longer any risk of that prejudicial confusion.

As concluded in the Report, the court of appeals decision on this claim is neither contrary to nor an objectively unreasonable application of the relevant Supreme Court precedent, to wit, *Henderson, supra; Tollett, supra; Brady, supra; and Menna, supra.* The Motion for Relief should be denied as to Ground Four.

**Ground Five**

In Ground Five Petitioner asserts he has been unconstitutionally sentenced to maximum and consecutive sentences on his *Foster* remand. The Report deals with this claim on the merits and recommends dismissal with prejudice, largely based on decisive recent precedent (Report, Doc. No. 18, PageID 982-983). The Motion for Relief offers no valid basis for modifying this recommendation or offering further analysis.

## Ground Six

In Ground Six, Mr. Kendrick asserts ineffective assistance of trial counsel for failure to file a motion to dismiss on the basis that the Dayton Police Officer who obtained the DNA sample from Kendrick which was eventually used to identify him as the perpetrator in all of these rapes was without "jurisdiction" to obtain the sample.

The Report found the claim procedurally defaulted because it would have been apparent from the record on direct appeal but was not raised in that proceeding (Report, Doc. No. 18, PageID 983). Furthermore, Petitioner did not claim in his first Application for Reopening that his appellate counsel was ineffective for failure to make this claim. As the Report notes, the first time this claim was made in the state courts was in Petitioner's second Application for Reopening. However, Ohio does not allow for a second application for reopening and therefore, the Report concluded, the claim was permanently procedurally defaulted and subject to dismissal with prejudice. *Id.*

In his Motion for Relief, Petitioner claims this is a "jurisdictional" issue and thus can never be waived (Motion, Doc. No. 31, PageID 1026). In fact, he now claims the trial court never had jurisdiction.

A habeas petitioner cannot make a claim into a nonwaivable "jurisdictional" claim merely by putting that label on it. As Respondent points out in the Return of Writ, a claim that evidence has been unconstitutionally gathered is exactly the kind of claim that is regularly waived by a plea of guilty (Return of Writ, Doc. No. 7, PageID 107). Petitioner's argument in his Traverse is limited to one paragraph which seems to contest that the collecting officer had probable cause to believe Petitioner was committing a crime when he collected the DNA. But this argument goes to the

Fourth Amendment and in no way calls into question the subject matter jurisdiction of the Montgomery County Common Pleas Court over rapes committed in Montgomery County.

There is therefore no merit in Petitioner's Ground Six for Relief.

**Conclusion**

Petitioner has provided no meritorious basis for reopening the judgment in this case. His Motion for Relief should be denied. because reasonable jurists would not disagree with this conclusion, he should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

November 15, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).